## UNITED STATES v. J. GREENBAUM & SONS, Inc., et al.

### No. 55.

Circuit Court of Appeals, Second Circuit.

Dec. 1, 1941.

Frederick Malcolm Wolf, of New York City, for appellants Harry Greenbaum and J. Greenbaum & Sons, Inc.

Wegman & Climenko, of New York City (J. Bertram Wegman, of New York City, of counsel), for appellants Irving Suben and Daniel Quigley, Jr.

Mathias F. Correa, U. S. Atty., of New York City (Jay Slonim, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

These appellants were found guilty by a jury upon two indictments which were tried together. The earlier indictment, filed June 30, 1938, charges the commission of offenses in connection with the construction of Public School No. 7 in the Bronx, New York. This was a project financed in part with funds obtained from the United States through its agency the Federal Emergency Administration of Public Works, hereafter referred to as PWA. The Greenbaum corporation became the subcontractor for the laying of wood floors in Public School No. 7, and as such was bound to pay its carpenters the rate of wages required by the general contractor's contract with the Board of Education of the city of New York and by the PWA regulations, namely, $1.40 per hour. Harry Greenbaum was the secretary and executive officer of the Greenbaum corporation. Suben and Quigley were foremen who supervised the job and hired and paid the floor layers. The indictment charged that the defendants paid the floor

layers at a lesser rate than $1.40 per hour and knowingly submitted to the PWA resident engineer inspector false and fraudulent statements certifying to payment of the required rate of wages. Three pay rolls were involved, one for each of the weeks ending October 14th, 21st and 28th in the year 1936, and each count of the indictment related to a separate underpayment to a specified carpenter during one of those weeks. Each such payment was charged to have been falsely reported in the pay roll for that week in violation of the statute, 18 U.S.C.A. § 80.

In addition to its subcontract for Public School No. 7, the Greenbaum corporation was subcontractor on eight other school projects similarly financed with PWA funds. The conspiracy indictment, returned March 29, 1940, charged the appellants with conspiring to defraud the United States of "their governmental functions and rights" in respect to all these school projects by committing offenses of the character above described with reference to Public School No. 7.

At the trial the defendants offered no evidence. When the government closed its case they moved for dismissal of the indictments and for a directed verdict of acquittal. Certain of the counts of the substantive indictment were dismissed, but on the remaining counts and on the conspiracy indictment the case went to the jury, which found the defendants guilty. Upon the conspiracy indictment the corporation was fined $10,000 and each of the individual defendants was sentenced to imprisonment for one year and a day. Upon the substantive indictment the corporation was fined $1 and the individuals were each given a prison sentence on each count, the sentences to run concurrently with each other and with the sentence, which was for the same term, under the conspiracy indictment. These appeals raise four questions: (1) the sufficiency of the evidence to sustain the conviction under either indictment; (2) the applicability of the statute, 18 U.S.C.A. § 80; (3) the court's charge to the jury; and (4) the statute of limitations as a bar to the conspiracy indictment.

█ As to the appellants Suben and Quigley, the sufficiency of the evidence is so clear as to require little discussion. They acted as foremen for the Greenbaum corporation, hired the carpenters at agreed wage rates which were less than $1.40 per hour, and one or both were accustomed to make payment to the men of their weekly wages at the rates at which they were hired. The contention that these appellants had no knowledge of the required scale of $1.40 per hour will not withstand scrutiny. Not only was the PWA scale of wages posted at each project, so that it is incredible that they could have been ignorant of it, but there is testimony that on occasions when they were accompanied by a PWA inspector on pay day, they would pay the carpenters at the rate of $1.40 per hour and then later demand and receive a "kick-back" of the excess above the agreed wages. Although neither of them signed the pay roll affidavits, each admitted in a sworn statement which was introduced against him that at times he personally delivered to the PWA resident inspector a copy of the weekly pay roll to be used in checking the amounts payable to the workmen. On such pay roll the wages were always figured at the rate of $1.40 per hour, although, as already shown, these appellants knew the men were to get less. The proof of their guilt is clear.

On behalf of appellants Harry Greenbaum and the Greenbaum corporation it is urged that he did not know that Suben and Quigley were not paying over the full amounts of the wages as reported by them for the weekly pay roll; that it was a private graft of these two in which Harry Greenbaum and his corporation had had no part. But the testimony of Ellingsen is inconsistent with such ignorance. He testified to a talk with Greenbaum and Suben when they both came to pay the carpenters at a Staten Island school. Ellingsen, who was getting $8 for an eight hour day, says that he asked Mr. Suben for a raise. Mr. Suben refused it and Mr. Greenbaum then "butted in and said that was all he could afford to pay. He mentioned something like that, if it was not on account he depended on us to help him out on these schools he could not have taken those jobs in the first place." Moreover, after the matter was under investigation, Greenbaum's conduct in securing false statements from several employees to show that they had received full wages was not consistent with innocence. The evidence is sufficient to support the verdict of guilt against Greenbaum and his corporation.

██ Relying upon a canon of statutory construction to the effect that where two statutes, one general and the other special, deal with the same subject matter, the special statute is recognized as an exception

to the generality of the other statute without regard to priority of enactment, the appellants contend that section 80 of Title 18 of the Code has no application to the facts proven; that prosecution could only be had under the Act of June 13, 1934, 40 U.S.C.A. §§ 276b and 276c, and that the evidence did not show a violation of that Act. The contention is without merit. Section 80 of Title 18 declares it a crime knowingly to present a false statement to an agency of the United States. Sections 276b and 276c of Title 40 forbid taking any "kick back" from laborers employed on any building or work financed in whole or in part by the United States. The two statutes do not cover the same subject matter: one protects the government against the presentation of documents containing statements known to be false; the other protects laborers on governmental projects from being called on to "kick back" part of their wages. The canon relating to special legislation has no application. There is nothing in the so-called "special" statute which makes criminal the intentional presentation of a false statement to an agency of the United States; while that is the sole element of an offense under the so-called "general" statute —no pecuniary loss to the United States or to any employee on a governmental project is essential. See United States v. Presser, 2 Cir., 99 F.2d 819; United States v. Goldsmith, 2 Cir., 108 F.2d 917.

■ The appellants Greenbaum and his corporation complain of the charge in that the jury was instructed that "intent" is not an element of the crime charged. As an abstract proposition this was erroneous but the error is harmless, for the charge repeatedly emphasized that to find any defendant guilty the jury must determine that "he knew the falsity of the pay rolls" and "knowingly used" the papers which the indictment charged to have been used. Compare the charge as to perjury which the court sustained in People v. Corrigan, 195 N.Y. 1, 15, 87 N.E. 792.

■ The final contention is that the conspiracy indictment, filed on March 29, 1940, was barred by the statute of limitations, 18 U.S.C.A. § 582. If this were established, it would not reduce the term of imprisonment imposed upon the individual defendants since they received the same term under each indictment to be served concurrently; only the fine of the corporation would be affected. However, there is evidence that the conspiracy continued to at least April 1, 1937. Exhibit 44, attested by Harry Greenbaum on that date, shows the pay roll at the rate of $1.40 per hour for work on the Franklin K. Lane School during the week ending March 31st, and several of the floor layers testified that they were never paid at that rate for such work. Thus an overt act in execution of the conspiracy was committed within three years of the filing of the indictment and the statute is no bar.

The judgments are affirmed.